UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD DOUGLAS BONE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ERIC HOLDER,<br><br>　　　　Respondent. | Case No.: 1:14-cv-01747-JLT<br><br>ORDER DENYING PETITIONER'S MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. 14)<br><br>ORDER TO RESPONDENT TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPY WITH THE COURT'S ORDERS |

　　　　Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## PROCEDURAL HISTORY

　　　　The instant petition was filed on October 30, 2014, in the Central District of California. (Doc. 1). The matter was transferred to this Court on November 7, 2014. (Doc. 7). On November 25, 2014, the Court ordered Respondent to file a response to the petition within sixty days, and the Clerk of the Court docketed the due date for a response as January 29, 2015. (Doc. 11). On the same date, the Clerk of the Court served Respondent an order for consent or request for reassignment, which was due on or before December 29, 2014. To date, Respondent has not responded to either order. On February 20, 2015, Petitioner filed the instant motion for default judgment, requesting entry of default for Respondent's failure to comply with the Court's prior orders. (Doc. 14).

///

**DISCUSSION**

A.  <u>Motion for Entry of Default Judgment</u>

Petitioner contends that he is entitled to entry of judgment or to a default judgment because respondent did not timely comply with the Court-imposed deadline to submit a response to the merits of Petitioner's claims and for submission of a request for consent or reassignment.  The Court rejects this contention.

There is no legal basis for entry of a default judgment in habeas corpus cases.  The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment. See <u>Bermudez v. Reid</u>, 733 F.2d 18, 21 (2d Cir.), cert. denied, 469 U.S. 874, 105 S.Ct. 232, 83 L.Ed.2d 161 (1984); <u>Broussard v. Lippman</u>, 643 F.2d 1131, 1134 (5th Cir.), cert. denied, 452 U.S. 920, 101 S.Ct. 3059, 69 L.Ed.2d 425 (1981); <u>Goodman v. Keohane</u>, 663 F.2d 1044, 1047 n. 4 (11th Cir.1981); <u>Allen v. Perini</u>, 424 F.2d 134, 138 (6th Cir.), cert. denied, 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d 143 (1970); <u>cf. Ruiz v. Cady</u>, 660 F.2d 337, 341 (7th Cir.1981) (within district court's discretion to enter default judgment for petitioner if government's failure to respond creates excessive delay in the proceedings).

Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2243 provides that "the court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.   In <u>Townsend v. Sam</u>, 372 U.S. 293, 312 (1963), the Supreme Court stated as follows: "State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution."  Thus, the burden to show he is in custody in violation of the Constitution of the United States *is on Petitioner*.  The failure of State officials to file a timely response does not relieve Petitioner of his burden of proof.  Default judgments in habeas corpus proceedings are not available as a procedure to empty state prisons. <u>See, e.g.</u>, <u>Gordon v. Duran</u>, 895 F.2d 610, 612 (9th Cir.1990); <u>see</u> <u>also</u> <u>Bleitner v. Welborn</u>, 15 F.3d 652, 653 (7th Cir. 1994) (respondent's failure to timely respond to petition does not entitle petitioner to default); <u>United States ex rel. Mattox v. Scott</u>, 507 F.2d 919, 924 (7th Cir. 1974)(holding that default judgment is not an

appropriate remedy for a state's failure to answer a habeas corpus petition); Bermudez v. Reid, 733 F.2d 18 (2nd Cir. 1984). Nothing in any of the cases even remotely suggests that federal prisoners have a right to entry of default judgment where state prisoners do not. The only way a section 2241 petition can be granted is if Petitioner sustains his burden of proving a violation of federal law as to the manner, location, or conditions of his sentence. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner is advised that this Court is one of the busiest federal courts in the United States. Filing frivolous motions, such as the instant one, takes valuable staff time away from addressing the merits of long-pending petitions. In the future, Petitioner should confine his filings to motions that have merit and a legitimate legal basis.

B. Order to Show Cause

As discussed above, the Court has previously ordered Respondent to file a response to the petition and to file a consent or request for reassignment within specified time periods. Respondent has failed to respond in any way to either order of this Court, let alone within the specified time periods. Accordingly, Respondent will be ordered to show cause why sanctions should not be imposed for failure to comply with the Court's orders.

**ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's motion for entry of default judgment (Doc. 14), is DENIED.

///
///
///
///
///
///

**ORDER TO SHOW CAUSE**

For the foregoing reasons, Respondent is ORDERED TO SHOW CAUSE within 15 days of the date of service of this Order why sanctions should not be imposed for failure to comply with the Court's orders.

IT IS SO ORDERED.

Dated:   **February 24, 2015**                    **/s/ Jennifer L. Thurston**
                                                                       UNITED STATES MAGISTRATE JUDGE