UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD DOUGLAS BONE,<br><br>    Petitioner,<br><br>    v.<br><br>ERIC HOLDER,<br><br>    Respondent. | 1:14-cv-01747-JLT (HC)<br><br>ORDER GRANTING MOTION TO DISMISS (Doc. 24)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

    Petitioner is in custody related to felony convictions. Because of the aggravated nature of the underlying felony convictions, Petitioner, a citizen of Canada, became subject to removal once his sentence has been completed. In this action, Petitioner challenges the placement of the detainer and issuance of the arrest warrant designed to effect his removal at the completion of his sentence. Respondent moves the Court to dismiss the matter based upon a lack of jurisdiction. Because this Court lacks the authority to consider the issuance of the detainer, the petition must be **DISMISSED.**

    Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Both parties have consented to the jurisdiction of the United States Magistrate Judge for all purposes. (Docs. 10 & 23).

///

# DISCUSSION

A. <u>Motion to Dismiss</u>.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).

Respondent's motion to dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default, and because Respondent has not yet filed a formal answer, the Court will review the motion pursuant to its authority under Rule 4.

B. <u>Lack of Habeas Jurisdiction</u>.

Federal courts are obligated to examine their own jurisdiction, and a federal court may not entertain an action over which it has no jurisdiction." <u>Hernandez v. Campbell</u>, 204 F.3d 861, 865 (9th Cir.2000) (citations and quotation marks omitted); see also Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, Petitioner is a state prisoner serving a 24-year sentence resulting from his 1998 conviction in the Santa Clara County Superior Court of one count of continuous sexual abuse on a child, Cal. Pen. Code sec. 288.5, and four counts of lewd and lascivious conduct upon a child, Cal. Pen. Code sec. 288(a). <u>Bone v. Lewis</u>, 2006 WL 1390442 (N.D.Cal. May 19, 2006) at *1. The victim in all charges was Petitioner's adopted daughter, whom Petitioner began sexually assaulting when she was four years old. <u>Id</u>., at *2.

Because of the aggravated nature of the underlying felony convictions, Petitioner, a citizen of Canada, became subject to removal once his sentence has been completed. Accordingly, on May 17, 1999, the Immigration and Naturalization Service (now Immigration and Customs Enforcement) issued a Notice of Custody Determination seeking to detain Petitioner at the end of his state sentence. (Doc. 4, p. 4). On the same date, INS issued an arrest warrant for Petitioner in order to commence

immigration and removal proceedings against Petitioner at the completion of his sentence. (Id., p. 6).

The petition challenges the issuance of the detainer and the arrest warrant as follows: (1) the detainer deprives Petitioner of a protected liberty interest by precluding him from receiving a less stringent security classification, thus preventing Petitioner from enrolling in various prison programs and earning certain good-time credits; (2) various federal statutes of limitation have expired on the arrest warrant; (3) various federal statute of limitation have expired on the detainer; and (4) the federal statutes of limitation have expired on proceedings related to nationality, citizenship, and passports. (Doc. 1; 3; 25). Although Petitioner seeks to invoke various federal statutes of limitation in arguing that the detainer and arrest warrant are illegal, ultimately the petition challenges the legality and validity of the detainer.[1] As discussed below, the Court lacks jurisdiction to consider such challenges, regardless of the legal bases.

Federal habeas corpus jurisdiction is limited to petitions from persons who are "in custody in violation of the Constitution and laws of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). The "in custody" requirement is jurisdictional. Wilson v. Belleque, 554 F.3d 816, 821 (9th Cir.2009) ("The text of the statute makes clear, and the Supreme Court has confirmed, that 'custody' is a jurisdictional prerequisite to habeas review under § 2241(c)(3).")(citing Hensley v. Mun. Court, 411 U.S. 345, 351, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973)).

The Supreme Court has interpreted the above statutory language to mean "in custody" pursuant to the conviction or sentence under attack at the time the petition is filed, Maleng, 490 U.S. at 490–91, and the only exception is where a petitioner can show adverse legal collateral consequences that give rise to an injury-in-fact sufficient to satisfy the case-or-controversy requirement of Article III, § 2. Spencer v. Kemna, 523 U.S. 1, 7 (1998).

An immigration detainer is merely a request to a law enforcement agency or prison to notify the United States Department of Homeland Security before it releases an alien upon completion of his

---

[1] Petitioner argues, without citing any legal authority, that the arrest warrant gives rise to the collateral consequence of the detainer. However, in the Court's view, the opposite is true, i.e., the detainer arises from the fact of Petitioner's state conviction and empowers ICE, pursuant to federal regulations, to issue the arrest warrant once Petitioner has served his sentence. Thus, the gravamen of the petition is actually the purported illegality of the detainer.

criminal sentence so that DHS may take custody of the alien for removal proceedings. 8 C.F.R. § 287.7; see also Galaviz–Medina v. Wooten, 27 F.3d 487, 493 (10th Cir.1994) ("A detainer usually serves only as a notice to federal prison authorities that the INS is going to be making a decision about the deportability of the alien in the future."). Accordingly, as the Ninth Circuit has explained, "'the bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available.'" Campos v. I.N.S., 62 F.3d 311, 314 (9th Cir.1995) (quoting Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir.1994) (superseded by statute on other grounds, as recognized in Campos)); United States v. Female Juvenile, A.F.S., 377 F.3d 27, 35 (1st Cir.2004) ("[A]n INS detainer is not, standing alone, an order of custody. Rather, it serves as a request that another law enforcement agency notify the [Immigration and Naturalization Service] before releasing an alien from detention so that the INS may arrange to assume custody over the alien."); Zolicoffer v. United States Dep't of Justice, 315 F.3d 538, 540 (5th Cir.2003) (collecting cases, including Campos, and agreeing that absent an order of removal, "prisoners are not 'in custody' for purposes of 28 U.S.C. § 2241 simply because the INS has lodged a detainer against them"). In short, the detainer is only a notification that a removal decision will be made *at some later date*. Campos, 62 F.3d at 313–14. Because Petitioner is not in DHS custody and is not challenging the conviction for which he is currently incarcerated, the Court lacks jurisdiction to consider Petitioner's habeas claims.

Consequently, contrary to Petitioner's assertions, an ICE detainer does not place a petitioner "in custody" for purposes of obtaining habeas corpus relief. Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir.1994) ("[T]he bare detainer letter alone does not sufficiently place an alien in [Immigration and Naturalization Service]2 custody to make habeas corpus available."), *superseded by statute on other grounds as stated in* Campos v. Immigration and Naturalization Service, 62 F.3d 311, 314 (9th Cir.1995). Although there appears to be one exception to the detainer rule, Petitioner does not qualify for it. The Ninth Circuit has:

> broadly construed "in custody" to apply to situations in which an alien is not suffering any actual physical detention; i.e., so long as he is subject to a final order of deportation, an alien is deemed to be "in custody" for purposes of the [Immigration and Nationality Act], and therefore may petition a district court for habeas review of that deportation order.

4

See Nakaranurack v. United States, 68 F.3d 290, 293 (9th Cir.1995). However, Petitioner has not alleged that he is subject to a final order of removal. To the contrary, Petitioner expressly admits that "there is no order of removal." (Doc. 25, p. 1). Thus, the exception is inapplicable here. Petitioner is "in custody" pursuant to his state criminal conviction, not pursuant to either the immigration detainer or the federal arrest warrant. Hence, no federal habeas jurisdiction exists, and Petitioner cannot proceed with a habeas corpus petition concerning ICE's actions. See 28 U.S.C. § 2241(c).

In addition, Petitioner's challenge is not cognizable in a habeas corpus action; indeed, it is expressly precluded by federal law. Title 8 U.S.C. § 1252 allows only very limited judicial review of ICE orders and decisions. See 8 U.S.C. § 1252 (stating which orders are reviewable and listing requirements to seek judicial review); Reno v. American–Arab Anti–Discrimination Comm., 525 U.S. 471 (1999) (interpreting 8 U.S.C. § 1252(g) to find no judicial review of ICE's "decision or action to commence proceedings, adjudicate cases, or execute removal orders").

Moreover, even if the foregoing were not true, this Court is without power to compel ICE to hold a removal hearing for a non-citizen, such as Petitioner, as to whom ICE has lodged a detainer. See Campos, 62 F.3d at 313-14. In the Immigration and Nationality Technical Corrections Act of 1994, Pub.L.No. 103-416, Congress prohibited the Federal courts from compelling ICE to proceed with deportation or removal proceedings. See Campos, 62 F.3d at 312-314. Likewise, the Illegal Immigration Reform and Immigrant Responsibility Act, Pub.L.No. 104-208, sets forth that Federal courts have no authority to review the Attorney General's decision or action to "commence proceedings, adjudicate cases," or "execute removal orders." 8 U.S.C. § 122(g). Because 8 U.S.C. § 1252(g) specifically precludes the court from reviewing ICE's decision to commence removal or deportation proceedings, the Court is without the power to compel ICE to take any specific action with respect to a detainer or potential removal hearing. For all of these reasons, the Court concludes that it lacks habeas jurisdiction to proceed. Accordingly, the petition must be dismissed.

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336

1  (2003).  If a court denied the petition, the Court may issue a certificate of appealability only when the

2  petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).

3  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate

4  whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

5  that the issues presented were 'adequate to deserve encouragement to proceed further'."  Slack v.

6  McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

   In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. The motion to dismiss (Doc. 24) is GRANTED;
2. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction;
3. The Clerk of the Court is DIRECTED to enter judgment and close the file.
4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **May 14, 2015**              /s/ Jennifer L. Thurston
                                UNITED STATES MAGISTRATE JUDGE